IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


TERRANCE BIVINGS,                    :          CIVIL ACTION
              Petitioner,            :
                                     :
       v.                            :
                                     :
DAVID L. WAKEFIELD, et al.,          :          NO. 07-929
              Respondents.           :

## REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Huntingdon, in Huntingdon, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.       PROCEDURAL HISTORY

On October 23, 2003, following a jury trial presided over by the Honorable William T. Nicholas, petitioner and petitioner's co-defendant were convicted of first degree murder, conspiracy to commit murder, aggravated assault, and firearms not be carried without a license. On January 16, 2004, petitioner was sentenced to a term of life imprisonment for first degree murder, and a concurrent term of one (1) to seven (7) years imprisonment for the firearms violation.

Petitioner filed a direct appeal to the Superior Court of Pennsylvania. On November 23, 2004, the Superior Court affirmed petitioner's judgment of sentence. Petitioner

then filed a request for allowance of appeal to the Pennsylvania Supreme Court, which was denied on April 26, 2005.

On August 29, 2005, petitioner filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq.  The court appointed counsel, who then filed a no merit letter in compliance with Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1998).  On November 3, 2006, the court filed a notice of its intent to dismiss the PCRA petition without a hearing.  On November 30, 2005, the PCRA court dismissed the petition.  On the same day, petitioner filed a response to the notice of intent to dismiss, and asked for an evidentiary hearing. The court ruled that its dismissal was to remain in full force and effect.

On January 4, 2006, petitioner filed a notice of appeal to the Superior Court.  On February 8, 2006, the PCRA court filed an opinion outlining its reasons for denying the PCRA petition without a hearing.  The Superior Court denied petitioner's appeal.  Petitioner's request for allowance of appeal to the Pennsylvania Supreme Court was denied of January 5, 2007.

On March 7, 2007, petitioner filed the instant petition seeking habeas corpus relief claiming:

(1)     Commonwealth committed a Batson v. Kentucky, 476 U.S. 79 (1986) violation by using one of the Commonwealth peremptory strikes during jury voir dire to strike an African American juror; and

(2)     Trial counsel was ineffective for failing to preserve petitioner's Batson claim during voir dire and on appeal.

Respondents contend that petitioner's claims are procedurally defaulted, as the claims were not properly presented to the state courts and cannot be presented there now.  We

agree that procedural default is established as discussed hereafter, and thus find the petition for Writ of Habeas Corpus should be dismissed in its entirety.

## II.   PROCEDURAL DEFAULT

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999).  A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989).  In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845.  A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which burden demands, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts.  Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983).  In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise they risk depriving the state courts of the "opportunity to correct their own errors, if any."  Toulson v. Beyer, 987 F.2d 984, 989 (3rd Cir. 1993).

However, "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred...there is procedural default for the purpose of federal habeas..."  Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, reh'g denied, 501 U.S. 1277, 112 S. Ct. 27 (1991);McCandless v. Vaughn, 172 f.3d 255, 260 (3rd

Cir. 1999).  The procedural default barrier also precludes federal courts from reviewing a state petitioner's federal claims if the state court decision is based on a violation of state procedural law that is independent of the federal question and adequate to support the judgment.  Coleman, 501 U.S. at 729.  "In the context of direct review of a state court judgment, [this] doctrine is jurisdictional... [because] this Court has no power to review a state law determination that is sufficient to support the judgment."  Id.  "In the absence of [the procedural default doctrine] in federal habeas, habeas petitioners would be able to avoid the exhaustion doctrine by defaulting their federal claims in state court."  Id., at 732.

As noted above, respondents contend that petitioner's claims were never properly exhausted in state court and petitioner can no longer bring these claims in state court, hence the claims are procedurally defaulted.  In the event a petitioner brings claims which are procedurally defaulted, he is not entitled to federal habeas review unless he can show that his default should be excused.  Such excuse is allowed only where the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.

Petitioner claims that the Commonwealth committed a Batson violation by using one of the Commonwealth peremptory strikes during jury voir dire to strike an African American juror.  Petitioner further claims that trial counsel was ineffective for failing to preserve this claim during voir dire and on appeal.  Petitioner never raised these issues at any state court level.  Since the state court never reviewed this claim this claim is considered procedurally defaulted and barred from federal habeas review.

4

Petitioner claims there is cause for the default.  Petitioner requests the court grant a "stay and abeyance" while petitioner returns to state court to litigate petitioner's <u>Batson</u> claim. Petitioner claims he was only recently made aware of the <u>Batson</u> issue, when petitioner's co-defendant brought it to petitioner's attention.  The stay and abeyance procedure is not appropriate here.  The stay and abeyance procedure requires a "mixed petition."  Petitioner's petition is not a "mixed petition," involving both unexhausted and exhausted claims, as required in <u>Rhines v. Weber</u>, 544 U.S. 269, 271 (2005).  Rather, petitioner claims are both procedurally defaulted.

A mixed petition must be dismissed in its entirety without prejudice in order to give the petitioner an opportunity to present the unexhausted claims to the state courts.  <u>Rhines</u>, 544 U.S. at 274.  However, if a petitioner filed a mixed petition within AEDPA's one-year limitations period, but the period expired during the pendency of the petition in federal court, then dismissing the mixed petition without prejudice will effectuate a dismissal with prejudice because the petitioner will be time-barred from presenting any newly exhausted claim in a new habeas petition.  *See* <u>Rhines</u>, 544 U.S. at 275.  If this situation occurs, the court has limited discretion to stay the habeas proceeding in order for petitioner to satisfy the exhaustion requirement without precluding further federal habeas review.  <u>Rhines</u>, 544 U.S. at 277-78.

The purpose of stay and abeyance is to allow petitioner to return to state court and exhaust the available remedies, so as to, avoid having a petition dismissed as a mixed petition. The stay and abeyance procedure is only appropriate when the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines, 544 U.S. at 278.

Here, petitioner does not have a mixed petition or unexhausted claims.

5

Petitioner's claims are both procedurally defaulted.  The <u>Batson</u> issue was brought to petitioner's attention at jury voir dire when counsel for petitioner's co-defendant raised the <u>Batson</u> issue. Petitioner failed to raise the <u>Batson</u> issue, or the effectiveness issue based on <u>Batson</u>, in any of petitioner's appeals.  Now petitioner is precluded from doing so because the time in which petitioner could file a PCRA petition has run, hence these claims are procedurally defaulted.  A stay and abeyance would be inappropriate here because the very nature of procedurally defaulted claims makes proper exhaustion impossible and hence, the rationale for a stay and abeyance is moot.  As such, we must dismiss petitioner's habeas petition in its entirety.

Therefore, I make the following:

<u>RECOMMENDATION</u>

AND NOW, this _____ day of May, 2007, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED and DISMISSED.  It is also RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:

_/S LINDA K. CARACAPPA_____
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE