# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TERRANCE BIVINGS, | : | |
| --- | --- | --- |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID L. WAKEFIELD, et al., | : | No. 07-929 |
| Respondents. | : | |

## MEMORANDUM

Petitioner Terrance Bivings raises objections to Magistrate Judge Linda Caracappa's October 31, 2009 Report and Recommendation denying Petitioner's Writ of Habeas Corpus. Specifically, Petitioner objects to Judge Caracappa's findings that: (1) his Fifth Amendment rights pursuant to *Miranda* were not violated, and (2) his counsel was not constitutionally ineffective.

For the reasons that follow, Petitioner's objections to the Report and Recommendation ("R & R") are overruled, and the R & R is approved and adopted.

## I. STANDARD OF REVIEW

A district court has discretion to determine the extent to which it will review the R & R of a magistrate judge. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); FED. R. CIV. P. 72(b). At a minimum, the court should be satisfied that there is no clear error on the face of the record, and should "give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Beyond that, a district court must determine *de novo* any part of a magistrate judge's R & R to which a proper objection is raised. 28 U.S.C. § 636(b)(1)(C).

## II. DISCUSSION

### A. First Objection: *Miranda* Violation

Petitioner objects to Judge Caracappa's finding that his Fifth Amendment rights pursuant to *Miranda* were not violated by the admission of a recorded conversation between him and his co-defendant in a police holding cell. This objection is meritless.

Petitioner was not subject to custodial interrogation. A confession made by a person during a custodial interrogation is only admissible at trial if that person was properly warned of his constitutional rights and then voluntarily confessed. *Miranda v. Arizona*, 384 U.S. 436, 462 (1966). "Interrogation" under *Miranda* must reflect a measure of compulsion beyond that inherent in custody itself. *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980). For police conduct to constitute "interrogation," a person in custody must be subject to either express questioning or its functional equivalent. *Id.* at 300-301. This includes any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. *Id.* at 301. The focus is on the perceptions of the suspect, rather than the intent of the police. *Id.*

Judge Caracappa concluded that Petitioner's conversation with his co-defendant was not an interrogation, and this Court agrees. There were no police in the room while Petitioner and his co-defendant were being recorded. Petitioner points to no police words or actions that were the functional equivalent of questioning. Instead, he freely chose to speak to his co-defendant. In fact, Petitioner and his co-defendant even discussed the possibility that the police might be monitoring their conversation, yet still chose to make incriminating statements. Such voluntary actions establish that from the Petitioner's vantage point, he did not perceive that he was being

2

interrogated, but instead made the statements willingly.  This was not a police-dominated atmosphere.  *See Illinois v. Perkins*, 496 U.S 292, 296 (1990) ("The essential ingredients of a 'police-dominated atmosphere' and compulsion are not present when an incarcerated person speaks freely to someone that he believes to be a fellow inmate.  Coercion is determined from the perspective of the suspect.  When a suspect considers himself in the company of cellmates and not officers, the coercive atmosphere is lacking.").

Petitioner was given proper *Miranda* warnings.  Above and beyond general *Miranda* warnings, he was also specifically advised that any statement he and his co-defendant made to each other could be used against them.  At oral argument, Petitioner suggested that this warning only put petitioner on notice that his co-defendant may relay the content of their conversation to the government, but not that the government might listen in on the conversation itself. This is clearly incorrect.  The additional warning given by police should have reinforced to Petitioner the consequences of making statements to his co-defendant.  Any reasonable person would have understood these warnings to mean that any statements made to the co-defendant could be used against the speaker.  The warnings did not specify the means by which such statements could be taken and could not reasonably be understood to be as limited as Petitioner suggests.  Despite these warnings, Bivings voluntarily chose to speak to his co-defendant, and in doing so made incriminating statements that were used against him at trial.  The Court finds no Fifth Amendment violation.

**B.    Second Objection: Ineffective Assistance of Counsel**

Petitioner also claims that his counsel's performance was constitutionally ineffective. The Court disagrees.  The Sixth Amendment guarantees the right of every criminal defendant to

3

effective assistance of counsel. U.S. CONST., amend. VI. To establish ineffective assistance of counsel, petitioner must demonstrate (1) that his counsel's performance fell below an "objective standard of reasonableness," and (2) that counsel's deficient performance actually prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 695 (1984). Prejudice requires a showing of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 694.

Petitioner argues that his trial counsel was ineffective for stipulating to the Commonwealth's presentation of a DNA expert. Trial counsel stipulated that the Commonwealth could present expert testimony that an inhaler found at the crime scene had DNA on it that matched Petitioner's, and that the odds of such a match occurring at random were about 1 in 2.6 quintillion. Petitioner has failed to articulate any rational challenge that trial counsel could have asserted against the expert testimony, and the Court is aware of none. The Court refuses to find a constitutional violation for failing to raise a baseless objection. Petitioner's trial counsel acted within the range of professionally competent assistance.

Petitioner specifically objects to Judge Caracappa's finding that Petitioner has failed to demonstrate prejudice. Because Petitioner has not satisfied the deficiency prong of the two-part test for ineffectiveness, Petitioner's objection fails and the Court need not further elaborate on prejudice.

III. **CONCLUSION**

Having found Judge Caracappa's R & R to be factually and procedurally correct, it is adopted in full. Neither Petitioner's Fifth Amendment rights or Sixth Amendment rights were

violated. An appropriate Order will be docketed separately.