IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE BIVINGS, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID L. WAKEFIELD, et al., | : | No. 07-929 |
| Respondents. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                    **October 7, 2020**

Pro se Petitioner, Terrance Bivings, filed a motion to alter or amend judgment, seeking relief from this Court's June 21, 2007 Order denying with prejudice his petition for Writ of Habeas Corpus. For the following reasons, Petitioner's motion is denied.

**I.     BACKGROUND**

In October 2003, Bivings was convicted of first-degree murder, conspiracy to commit murder, aggravated assault, and carrying a firearm without a license. In January 2004, the trial court sentenced Bivings to life imprisonment on the murder charge and additional sentences for the other offenses.

In February of 2004, Bivings filed a notice of appeal to the Superior Court of Pennsylvania, alleging that the trial court erred in seven different respects. The Superior Court affirmed Bivings' conviction. *Commonwealth v. Bivings*, No. 413 EDA 2004 (Pa. Super. 2004).  The Pennsylvania Supreme Court denied allocatur. *Commonwealth v. Bivings*, 872 A.2d 1197 (Pa. 2005) (Table).

In August of 2005, Bivings filed a petition pursuant to the Pennsylvania Post-Conviction Relief Act, 18 Pa.C.S.A. §§ 9541-9551 ("PCRA"), alleging ineffective assistance of trial counsel. Bivings alleged that trial counsel failed to "investigate (criminal background of alleged victim) and/or interview potential witnesses, challenge the credibility and reliability of key

1

Commonwealth witness in the probable cause whom later recanted his statement; file interlocutory appeal, counsel stipulation to evidence, issues of abuse of discretion by trial court, and violation of the Fifth Amendment." (Petition for Writ of Habeas Corpus, ECF Document No. 1, at 3.) Bivings' court-appointed PCRA counsel filed a *Turner/Finley* "no-merit" letter in September 2005, stating that Bivings was not entitled to relief. The PCRA court dismissed Bivings' petition without a hearing. Bivings appealed. The Superior Court affirmed the dismissal and the Pennsylvania Supreme Court denied his petition for allowance of appeal in January 2007. *See Commonwealth v. Bivings*, No. 221 EDA 2006 (Pa. Super. 2006); *Commonwealth v. Bivings*, 916 A.2d 630 (Pa. 2007) (Table).

In March 2007, Bivings filed a habeas corpus petition in this Court, alleging that the Commonwealth had committed a *Batson v. Kentucky*, 476 U.S. 79 (1986) violation when it used a peremptory strike to remove an African American juror, and that trial counsel was ineffective for failing to preserve the *Batson* claim. At the time of trial, counsel for Bivings' co-defendant raised an objection following voir dire, claiming that the prosecutor allegedly used peremptory challenges in a racially motivated manner. (Mem. of Law in Supp. of Commonwealth's Answer to Pet. for Writ of Habeas Corpus, ECF Doc. 5, at 7.) Bivings and his counsel were present when the trial court considered the challenge, allowed the prosecutor to respond, and determined that there was no *Batson* violation. (*Id*.) Bivings did not raise this issue on appeal or in post-conviction proceedings in state court.

Bivings had not exhausted these *Batson* claims in state court prior to asserting them in his habeas petition and by that point they were procedurally defaulted. This Court denied relief and Bivings appealed to the Third Circuit. In March of 2009, the Third Circuit remanded on the basis that Bivings should have been granted leave to amend his petition to include certain exhausted

claims. Bivings amended his petition accordingly and this Court again denied relief in 2009,

having found that Petitioner's Fifth and Sixth Amendment rights were not violated. (ECF

Document No. 33, at 1-5.) In 2010, the Third Circuit denied a certificate of appealability on that

ruling, stating,

> Appellant has not demonstrated jurists of reason could disagree with the District
> Court's determination that the state courts' resolution of his Fifth Amendment
> claim was neither contrary to nor an unreasonable application of clearly established
> federal law…. Appellant's Sixth Amendment claim lacks merit, because, at a
> minimum, there is no reasonable probability that the outcome of the proceedings
> would have been different had trial counsel not stipulated to the DNA evidence,
> given the admissible incriminating statements made on the wiretap.

(Order of USCA, ECF Document No. 37, at 1.)

On March 7, 2019, Bivings filed a *pro se* motion under Fed. R. Civ. P. 60(b)(6), alleging

that the procedural default of his *Batson* claim should be excused under *Martinez v. Ryan*, 566

U.S. 1 (2012). The Government opposes this motion on the grounds that it was untimely filed.

## II.     STANDARD OF REVIEW

**"**Rule 60(b) is a catch-all provision that authorizes a court to grant relief from a final

judgment upon limited grounds."  *Joseph v. Beard*, Civ. A. No. 02-2744, 2015 WL 1443970, at

*2 (E.D. Pa. Mar. 27, 2015); Fed. R. Civ. P. 60(b). Rule 60(b) provides, in relevant part, that relief

from judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time to
> move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic
> or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the
> judgment is void . . . or (6) any other reason that justifies relief.

A motion for relief from judgment pursuant to Rule 60(b)(6) must be filed "within a

reasonable time[.]" Fed. R. Civ. P. 60(c). Courts are directed to exercise the broad power under

Rule 60(b)(6), "only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).

### III.   DISCUSSION

In this 60(b)(6) motion, Bivings argues that had *Martinez v. Ryan*, 566 U.S. 1 (2012) been decided before he filed his 2007 habeas petition, his procedurally defaulted *Batson* claim could have been reviewed on the merits by this Court. He asks the Court to reopen that judgment and consider his *Batson* claim on the merits. Because his motion was not filed within a reasonable time, the Court declines to do so.

### A.   *Procedural Default*

Ordinarily, under 28 U.S.C. § 2254, a petitioner must exhaust available state court remedies before applying to a district court for federal habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A). If a claim has not been fairly presented in state court, but further state-court review is clearly foreclosed under state law, then the claim is considered procedurally defaulted, rather than unexhausted. *Wenger v. Frank*, 266 F.3d 218, 223 (3d. Cir. 2001). Procedural default may be excused, and the claim may be reviewed on the merits by a district court, if the "petitioner can show 'cause' and 'prejudice' or that a 'fundamental miscarriage of justice' would result" absent relief. *Id*. at 224.

### B.   *The Rule in Martinez*

The Supreme Court held in *Martinez v. Ryan*, 566 U.S. 1 (2012) that where state law requires that claims of ineffective assistance of trial counsel must be presented in an initial-review collateral proceeding, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17. *Martinez* allows the petitioner to establish cause for his procedural default if he had no meaningful

opportunity to challenge the performance of trial counsel in state court and to establish prejudice if his underlying challenge to trial counsel's performance is "substantial." *Id.* "A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted." *Id*.

### C. *Bivings' Rule 60(b) Motion*

Bivings argues that his trial counsel was ineffective for not preserving a *Batson* claim at trial, and that his PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness. Bivings is correct that that procedural framework potentially falls within the class of cases contemplated by *Martinez*.[1] However, he ignores that before the Court can even consider whether the procedural default should be excused because of *Martinez*, it must first determine that his 60(b) motion is timely. In this case, Bivings has presented no reasonable excuse for his seven-year delay in filing.

In *Moolenaar v. Government of the Virgin Islands*, the petitioners filed a Rule 60(b)(6) motion almost two years after the district court's original entry of judgment, but only six weeks after judgment was entered on remand. 822 F.2d 1342, 1348 (3d Cir. 1987). The Third Circuit held that "the reason for the attack upon that judgment was available for attack upon the original judgment" and therefore the "motion was not made within a reasonable time." *Id*. (internal quotation marks omitted). In *Salley v. Dragovich*, the Third Circuit affirmed the district court's denial of a 60(b)(6) motion that was filed "more than ten years after the final judgment" and "fails to offer any explanation for this ten year delay." 594 F.. App'x 56, 58 (3d Cir. 2014); *see also Kilkeary v. United States*, Civ. A. No. 12-2781, 2018 WL 6003543, at *3 (D.N.J. Nov. 15, 2018)

---

[1] In Pennsylvania, "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002).

("This motion was filed three years after the judgment in question. Petitioner provides no explanation for the delay in the filing of his motion; it was therefore not filed within a reasonable time[.]"); *Crawford v. Frimel*, Civ. A. No. 05-118, 2017 WL 10379589, at *4 (E.D. Pa. Mar. 29, 2017) (*pro se* plaintiff's 60(b) motion was not filed within a reasonable time where the alleged reason for reopening the judgment "was plainly available" upon entry of the judgment nine years prior and is "duplicative of the appeal already decided against him[.]").

Bivings knew  of the alleged *Batson* violation since his trial in 2003. He knew  that PCRA counsel did not identify or raise the issue since PCRA counsel filed its *Turner/Finley* letter in 2005. He knew  that the claim was procedurally defaulted since this Court denied his original habeas petition in 2007. Bivings had these arguments regarding excusable "cause" for the default available to him since *Martinez* was decided in 2012. Yet, Bivings did not file the instant motion until 2019, almost seven years later. Bivings fails to provide any explanation, let alone extraordinary circumstances, for his delay in filing this motion. As such, the Court does not find that the motion was filed within a reasonable time. Bivings' motion is untimely and must be denied.

Further, the Court does not believe that extreme and unexpected hardship or a fundamental miscarriage of justice will occur absent the requested relief.  Indeed, had Petitioner been diligent and presented this motion in a timely manner, just to excuse the procedural default, he would have needed to establish: 1) that PCRA counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984); and 2) that the underlying claim of trial counsel's ineffectiveness is substantial, *i.e.,* that the *Batson* claim has merit. *See Martinez*, 566 U.S. at 14. On its face, Petitioner's motion does neither. Additionally, to be entitled to relief, he would have needed to demonstrate that trial counsel was constitutionally ineffective for failing to make the *Batson* challenge. Given that Bivings' co-defendant made such a challenge, which was argued to the trial court and denied, it is

unlikely that Bivings' trial counsel was constitutionally ineffective for failing to make the same challenge.

## IV.    CONCLUSION

For the foregoing reasons, Bivings' motion is denied. An Order consistent with this Memorandum will be issued separately.